**SO ORDERED: February 7, 2019.**



**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                    )
                                          )
CLARA LUCILLE BRIGGS        )         CASE NO. 18-3816-RLM-7
                                          )
        Debtor                          )
_____)

## ORDER OVERRULING CREDITOR OBJECTION AND GRANTING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

This matter came before the Court for hearing on January 31, 2019 upon the debtor's Motion to avoid the judicial lien of Kolb, Koellgen & Kirchoff, LLP ("Creditor") and the creditor's objection thereto.  For the reasons stated below, the Creditor's objection is overruled, and the debtor's motion is granted.

### *Background*

Creditor obtained a judgment in the amount of $36,188.41 pre-petition in the Marion Superior Court.  Creditor's judgment became a lien on all the debtor's real property located in Marion County.  At the time the judgment was obtained, the debtor owned and continues to own property located at 2705 Palo Verde Court,

Indianapolis, Indiana (the "Property"). The debtor filed her chapter 7 case on May 17, 2018 (the "Petition Date") and listed the Property as her residence on the petition. She also claimed a homestead exemption in the Property under Ind. Code §34-55-10-2(c)(1). She moved to avoid Creditor's judicial lien under 11 U.S.C. §522(f), to which Creditor objected, arguing that the Property was not the debtor's residence as of the Petition Date. The debtor lived out of state prior to filing her chapter 7 case, but the parties do not dispute that it is Indiana's exemptions that the debtor is entitled to claim and Indiana law that applies. Indiana allows debtors to claim a $19,300 exemption in real estate constituting the personal or family residence of the debtor. Ind. Code §34-55-10-2(c)(1).

*Discussion*

The debtor is 73 years old, is diabetic and has been diagnosed with Chronic Obstructive Pulmonary Disease (COPD). She lived alone and required the assistance of home health care prior to the Petition Date due to her physical condition. The Property sustained water damage and developed mold. The home health care personnel refused to continue providing home healthcare services until the mold was eradicated. The debtor could not obtain a home equity loan to remediate the mold because the Creditor's lien in the Property exceeds the value of the Property. [1] The debtor's COPD made it impossible for her to continue to stay at the Property and she moved to Virginia to live with her daughter in December 2017, about six (6) months before the Petition Date. The debtor pays her daughter $300 a month rent. Some of the furniture that was at the Property has been removed, but the debtor does not recall when. The debtor stated that she moved out of the Property solely because of the mold and that she would move back to the Property if

---

[1] The amount of the Creditor's judgment lien is $36,188.41. The debtor's motion alleges that the fair market value of the Property as of the Petition Date was $20,000. There is also a $60,000 mortgage held on the Property by LuAnn Davis and Teresa Briggs, but it appears that the Creditor's judgment was recorded prior to this mortgage. The debtor's motion provides that this mortgage will also be avoided, but no motion or adversary proceeding has been filed. The motion also recites that Kirkpatrick Management HOA holds a $3,000 lien which the debtor will not seek to avoid. Assuming the debtor is entitled to claim the $19,300 homestead exemption, any equity in the Property above the HOA lien would be subsumed by the allowable exemption.

she were able to fix the mold problem.  The debtor continues to hold her Indiana driver's license and considers the Property to be her home.

Both the Creditor and the debtor have referred the Court to Judge Robert Grant's *Burns* decision.[2]  *Burns* involved a 98-year old debtor who claimed as his residence a property he had not lived in for three years prior to the date his filed his chapter 7 case.  In that three-year period, the debtor had lived in nursing homes, hospitals or with his daughter.  As of the petition date, the debtor had been living with his daughter who took care of him since the debtor need continuous care and was unable to live alone due to his failing health and advanced age.  The property that the debtor had claimed as his residence was occupied by the debtor's other two daughters who also paid the property taxes.  The chapter 7 trustee in *Burns* objected to the debtor's claimed homestead exemption, interpreting the phrase "personal residence of the debtor" as the place where the debtor actually lived when the case was filed.  The debtor argued that he had never intended to abandon his residence and that his departure was involuntary due to his medical issues.

Indiana law may have used the terms "domicile" and "residence" interchangeably, but Bankruptcy Judge Grant noted that these two terms had different meanings.  "Domicile" referred to "the place where a person has his true, fixed and permanent home and principal establishment, and to which he has, whenever he is absent, the intention of returning".  *Burns*, 218 B.R. at 898, quoting *State Election Board v. Bayh*, 521 N.E.2d 1313, 1317 (Ind. 1988). "Residence" focuses upon the actual physical presence, or a "fixed and permanent abode, as distinguished from a place of temporary occupation".  *Id.* at 899. "Residence" does not include the intention required for "domicile", but instead means "the place where one lives or has his home" and where the debtor actually resides.  *Burns*, 218 B.R. at 899. "While a person may have more than one residence, they may have only one domicile" and "a person's residence may be at one place, while their domicile may be at another".  *Id.*  Judge Grant determined that the mere fact that the debtor

---

[2] *In re Burns*, 218 B.R. 897 (Bankr. N. D. Ind. 1998).

had not lived in the property he claimed as his residence for three years with no plan or ability to return sufficiently rebutted the presumption that the property was his residence. [3] With the burden of proof having shifted to the debtor to prove the propriety of the exemption, the debtor could point to no fact other than his departure from the property was involuntary. The fact that others were living at the property and paying the property taxes further negated the debtor's claim that it was his residence.

Noting that Indiana exemptions are to be liberally interpreted in favor of the debtor, [4] the Court finds two significant differences between this case and *Burns*. First, while the debtor's departure from the Property may have been involuntary like the debtor's in *Burns*, it was caused by the mold problem, not by the debtor's medical issues. But for the mold, the debtor's home healthcare would have continued, and debtor would be living at the Property. The reason for debtor's departure from the Property is temporary and capable of being remedied and there was no evidence that anyone else was living at the Property or paying the associated property taxes. Furthermore, *Burns* recognized that a debtor could have more than one residence, which contradicts the notion that a person's residence is and can only be that one property in which the debtor was physically residing and occupying on the date the bankruptcy case was filed. The Creditor has not given, and the Court has not found, authority that requires the debtor to continuously physically occupy the Property to claim it as her residence. Even Judge Grant in the *Burns* case accepted "solely for the purposes of argument, Debtor's contention that if one leaves their residence due to circumstances beyond their control, this will not lead to the loss of the exemption they might otherwise be able to claim for the property." *Burns*, 218 B.R at 900, n.3.

---

[3] A debtor's claim of exemptions under either federal or state law is presumptively valid, and the property claimed as exempt is exempt unless a party in interest objects. 11 U.S.C. §522(l). Under Fed. R. Bankr. P. 4003(c) the objecting party has the burden of proving that the exemption was not properly claimed.

[4] *In re Davis*, 527 B.R. 319, 324-325 (Bankr. N. D. Ind. 2015).

The court is not convinced that "intent" can be so easily divorced from "residence" as *Burns* suggests. The statute at issue here that allows a debtor to claim an exemption in the debtor's "personal or family residence" is also known as the "homestead" exemption and even *Burns* acknowledged that a homestead exemption has an intent component. *Id.* at 899, n. 1. A "homestead" is eligible for a standard deduction from its assessed value for property tax purposes [5] and a "homestead" is defined for such purposes as "the individual's principal place of residence". Ind. Code. §6-1.1-12-37(a)(2). The Indiana Administrative Code defines "principal place of residence" as used in this statute as "an individual's true, fixed, permanent home *to which the individual has the intention of returning after an absence".* (emphasis added) 50 IAC 24-2-5. The Property here would qualify as the debtor's "principal place of residence" under this definition and the debtor would be allowed to claim the homestead exemption for property tax purposes. The property tax homestead exemption applies only to one's "principal" place of residence and limits this exemption to only that residence. The bankruptcy homestead exemption applies to one's "personal or family residence" and is not as restrictive because a debtor can have more than one residence and presumably can allocate the allowed exemption among them. It is incongruous to conclude that the Property qualifies for a homestead exemption under the more restrictive property tax statute but does not qualify for the homestead exemption under Ind. Code §34-55-10-2(c)(1). The Property constituted the debtor's residence as of the Petition Date and the Creditor's objection is OVERRULED. The debtor's motion to avoid the Creditor's judicial lien therefore is GRANTED.[6]

---

[5] Ind. Code §6-1.1-12-37(b)

[6] The Creditor objected to the debtor 's motion to avoid judicial lien only on the basis that the debtor could not claim the $19,300 exemption because the Property was not her residence as of the Petition Date. It raised no challenge to the value of the Property or the validity and priority of the HOA's lien or the Davis/ Briggs mortgage. Even if the HOA lien and the mortgage were junior to the Creditor's judgment lien, the Court's ruling provides for only $700 of equity in the Property to which the Creditor's lien can attach. The Court trusts that the parties on their own will resolve any disputes as to the priority of the liens and mortgage and that the debtor may not avoid $700 of the Creditor's lien if in fact the Creditor's lien is first in priority.